IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| OLGA VAZQUEZ, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV:_____ |
| IB & G OF MONTGOMERY, INC, d/b/a IXAPA BAR & GRILL, a domestic Corporation, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, **Olga Vazquez**, and files this complaint against the Defendant and further states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, **Olga Vazquez** ("Plaintiff" or "Vazquez"), is a Hispanic female over the age of nineteen (19) years and is a resident of this Judicial District.

2. At all times. Ms. Vazquez was considered a covered, non-exempt employee under the Americans with Disabilities Act.

3. Defendant, **IB & G of Montgomery, Inc., d/b/a Ixapa Bar &**

1

**Grill** ("Ixapa") ("Defendant") is a domestic corporation and is subject to suit under 42 U.S.C. § 12101.

4. Defendant is engaged in interstate commerce, with an annual revenue exceeding $500,000.

5. Defendant employs at least fifteen (15) persons who have worked for at least 20 calendar weeks in 2023 and preceding years.

6. Defendant is a covered entity and employer within the meaning of the Americans with Disabilities Act.

7. This Court has jurisdiction pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 12101.

8. Further, this Court has jurisdiction over this matter since Plaintiff has exhausted her administrative remedies before the Equal Employment Opportunity Commission. [Exhibit "A", Notice of Right to Sue].

9. Venue is appropriate in this Judicial District because the underlying facts and circumstances giving rise to this complaint occurred in the Middle District of Alabama.

## FACTS

10. Defendant Ixapa is a Mexican restaurant located at 7157 Eastchase

Parkway, Montgomery, Alabama 36117.

11. Ixapa is owned by Anna Macias.

12. Ms. Vazquez worked as a waitress for Ixapa since 2016.

13. Prior to January 2022, Ms. Vazquez worked full-time for the Defendant.

14. She made $2.25 per hour, and her shift was typically 10 a.m. to 9 p.m., four days a week, for a total of 44 hours a week.

15. Ms. Vazquez was qualified to work as a waitress at all times during her employment with Defendant.

16. Prior to Defendant's termination of Ms. Vazquez, she had never been subjected to adverse disciplinary action.

17. In January 2022, Ms. Vazquez's son was diagnosed with leukemia.

18. Ms. Vazquez's son requires regular medical treatment for his condition.

19. Ms. Vazquez is her son's primary caregiver.

20. After her son was diagnosed with leukemia, in or about January 2022, she brought the medical records to the manager, Roberto Perez, to let him know about the diagnosis.

21. Ms. Vazquez requested that her employer change her work

schedule to accommodate her son's medical appointments.

22. Ms. Vazquez spoke with Anna Macias about her request to change shifts.

23. Ms. Macias told her she could work three days a week while her son was in treatment.

24. Ms. Vazquez would bring her son's treatment schedule to the Defendant so that she could be off on the days he was scheduled to receive treatment.

25. Defendant told her that it would schedule her around the appointments to accommodate her.

26. To that end, Defendant temporarily allowed Ms. Vazquez to work three days a week.

27. In August 2022, Ms. Vazquez' son was hospitalized for four weeks. During the four weeks, she was unable to work.

28. A week after he got out of the hospital, Ms. Vazquez told Defendant that her child required chemotherapy three days a week.

29. In response, the Defendant told her to re-schedule the chemotherapy appointments if it interfered with her work schedule.

30. Ms. Vazquez explained that she needed to be off on the days her son

was scheduled for chemotherapy.

31. In or about September 2022, Defendant terminated Ms. Vazquez.

32. The day after Ms. Vazquez was terminated, her friend went to the Defendant, inquiring about a job as a waitress, and was hired the same day.

33. Because of Defendant's discrimination, Plaintiff has suffered extreme harm including, but not limited to, loss of compensation and other terms, benefits, back pay, front pay, and conditions of employment.

34. Additionally, the Plaintiff has suffered injury, including pain, humiliation, mental anguish, and loss of enjoyment of life.

## COUNT ONE
## (Violation of 42 U.S.C. § 12112
## Association Discrimination)

35. Plaintiff adopts and incorporates by reference paragraphs 10 – 34

36.  as if fully set forth herein.

37. The Americans with Disabilities Act ("ADA") prohibits covered entities from "discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation,

5

job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

38. The term "discriminate against a qualified individual on the basis of disability" includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b).

39. As alleged herein, Defendant and Plaintiff are a covered, non-exempt employer and employee under the ADA, respectively. *See* 42 U.S.C. § 12111.

40. Plaintiff's son was diagnosed with leukemia in 2022.

41. Leukemia is a disability under the ADA, 42 U.S.C. § 12102(1).

42. Defendant was aware that the Plaintiff's son had a disability.

43. Plaintiff was qualified for her position at the time of her termination.

44. Previously, throughout her three-year tenure as a waitress, Plaintiff's performance had been exemplary, and she had not been subject to any discipline.

45. At the time of her termination, Plaintiff had not violated any of

Defendant's policies, and Defendant did not have legitimate cause for Plaintiff's termination.

46. Defendant terminated Plaintiff from her position in or about September 2022.

47. At the time of her termination, Defendant was aware that Plaintiff was the mother of the individual with a disability and, thus, had a relationship and/or association with the individual with a disability.

48. Defendant treated Plaintiff less favorably and terminated her employment solely because of Plaintiff's relationship and association with an individual with a disability.

49. Plaintiff has been injured by Defendant's discrimination of Plaintiff due to her association with an individual with a disability, and Plaintiff is entitled to all damages allowed under the ADA, including an award of back pay, reinstatement and/or front pay, compensatory and punitive damages in the amount of $300,000, and attorney's fees and costs of litigation, all in an amount to be proven at trial.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff requests this Court enter judgment in favor of the Plaintiff and against

the Defendant for the following relief:

    a. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by 42 U.S.C. § 12112;

    b. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and on this Defendant's behalf from continuing to violate 42 U.S.C. § 12112;

    c. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), compensatory, punitive, liquidated, and/or nominal damages, and reinstatement or front pay in lieu thereof;

    d. The Plaintiff further prays for such other relief and benefits as available under any of the aforementioned anti-discrimination statutes or that the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY**

DATED: **November 14, 2023**

Respectfully submitted,

 /s/ *Rodrick T. Cooks* 
Rodrick T. Cooks
Lee Winson
Attorney for the Plaintiff
**Winston Cooks, LLC**
351 24th Street North, Box 122
Birmingham, AL. 35203
p: 205.502.0970
f. 205.278.5876
e. rcooks@winstoncooks.com

/s/ *Jason L. Yearout*
Jason L. Yearout (ASB-4487-t80j)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7850
e. jyearout@rubiofirm.com

**THE PLAINTIFF WILL SERVE THE DEFENDANT BY PROCESS SERVER**

**IB & G OF MONTGOMERY, INC**
d/b/a Ixtapa Bar & Grill
7157 Eastchase Parkway
Montgomery, Alabama 36117